UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE C. ALLEN and RIO COLORADO TRUST, | No. C 06-6798 MHP |
| Plaintiffs, | **ORDER**<br>**Motion to Dismiss** |
| v. | |
| COMMISSIONER OF THE INTERNAL REVENUE SERVICE, | |
| Defendant. | |

Plaintiff Dale C. Allen ("Allen") initiated this action on November 6, 2006 by filing a complaint seeking relief from an October 7, 2006 United States Tax Court ("Tax Court") judgment and an October 17, 2006 Internal Revenue Service ("IRS") notice of deficiency against him. Allen asks the court to vacate both the Tax Court judgment and the IRS notice of deficiency and to award him costs and attorneys' fees. Now before the court is the IRS's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

BACKGROUND[1]

On March 18, 2004 the IRS notified Allen that it intended to audit Allen, his wife and the Rio Colorado Trust, an unincorporated business trust of which Allen is a trustee. Allen conducts business in Mexico and California using the unincorporated business trust entity. Allen contends

that he was selected for an audit because unincorporated business trusts are presumed to be suspect and because he reported his business activities contrary to IRS regulations.  In the course of its audit, the IRS requested that Allen submit various forms of documentation.  Allen claims to have complied with these requests but states that certain documents had to be sent from Mexico and that he experienced delays, a lost package and communications problems.  Further delays in the resolution of Allen's audit resulted from his diagnosis with throat cancer, for which the IRS allowed him a temporary suspension, and from the temporary reassignment of Allen's auditor at IRS.

On June 8, 2005 the IRS sent Notices of Deficiency to both Allen and the Rio Colorado Trust.  Weill Dec. Exh. 1, 2.  The Notices were issued with respect to both parties' tax liabilities from 2000 and 2001.  Id.  Allen filed petitions for redetermination of deficiency in Tax Court contesting the validity of the Notices.  In the course of proceedings in Tax Court, Allen claims to have been prohibited from presenting certain pieces of evidence he believed to be necessary for his argument.  Additionally, his accountant was diagnosed with pancreatic cancer.  Allen requested a forty-five day continuance which the Tax Court denied without comment.  On October 6, 2006 the Tax Court granted a motion to dismiss for lack of prosecution.  Weill Dec. Exh. 4.  The Tax Court issued a decision finding Allen responsible for tax deficiencies in the amount of $39,299.00 and $26,020.00 for 2000 and 2001, respectively.  Id.  The Tax Court further found Allen responsible for additions to tax per I.R.C. section 6651(a)(1) in the amount of $9,870.00 and $6,665.25 for 2000 and 2001, respectively, and for additions to tax per I.R.C. section 6662 in the amount of $7,859.80 and $5,204.00 for 2000 and 2001, respectively.  Weill Dec. Exh. 4.

On November 6, 2006 Allen filed the present action, asking this court to vacate both the Tax Court judgment and the IRS notice of deficiency, and to award him costs and attorneys' fees.  On December 27, 2006 the IRS filed a motion to dismiss, arguing that this court lacks jurisdiction to vacate either a Tax Court order or a notice of deficiency.  Def.'s Mot. Dismiss at 2.  The IRS further argues that Rio Colorado Trust must be dismissed as a plaintiff from the instant action because in federal court a trust must be represented by an attorney and Allen, though its trustee, is not a lawyer.  Id.

Allen did not respond to the IRS's motion to dismiss for nearly two months.  In light of the greater leniency owed to pro se litigants, see Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam), the court took it upon itself to encourage Allen to file a reply to the motion to dismiss so as to ensure that the court fully understands all relevant facts and legal arguments before rendering judgment. The court's deputy made a number of phone calls and left multiple messages for Allen.  After several attempts, and having received no response from Allen, the deputy managed to reach him and encouraged him to file a reply immediately.  On February 16, 2007 Allen filed a reply, conceding that he filed his appeal improperly and asking the court to grant him an extension of the statute of limitations set forth in 26 U.S.C. section 7481.

LEGAL STANDARD

A motion to dismiss will be denied unless it appears that the plaintiff can prove no set of facts which would entitle him or her to relief.  Conley v. Gibson, 355 U.S. 41, 45–46 (1957); Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco, 792 F.2d 1432, 1435 (9th Cir. 1986), cert. denied, 479 U.S. 1064 (1987).  All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff.  NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion.  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir.), cert. denied sub nom. Wyoming Community Dev. Auth. v. Durning, 484 U.S. 944 (1987).

DISCUSSION

The IRS asks the court to dismiss Allen's complaint for three reasons.  First, IRS argues that this court lacks jurisdiction to review Tax Court decisions.  Second, IRS notes that Allen does not state that he has filed a claim for refund with the Treasury Department.  Third, IRS contends that a trust must be represented by a lawyer and since Allen is not a lawyer he cannot represent Rio

3

Colorado Trust.

Allen asks this court to vacate the Tax Court judgment against him. Under I.R.C section 7482(a), however, only the United States Courts of Appeals, excepting the Court of Appeals for the Federal Circuit, have jurisdiction to review the decisions of the Tax Court. The only exception to this general rule is provided by 28 U.S.C. section 1254, which permits the United States Supreme Court to review cases before the Courts of Appeals before or after a judgment is rendered or upon certification of a particular question of law. Since I.R.C. section 7482(a) conveys exclusive jurisdiction over review of Tax Court decisions to the Courts of Appeal, this court lacks jurisdiction to hear Allen's complaint. Allen concedes as much in his reply.

Allen also asks this court to vacate the IRS notice of deficiency. This court does have jurisdiction to hear civil actions against the United States for "the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws." 28 U.S.C. § 1346(a)(1). Allen alleges the erroneous assessment of taxes and additions to taxes. However, although civil suits against the United States are permitted for these causes of action, a plaintiff must first file a claim for refund with the Secretary of the Treasury. 26 U.S.C. § 7422(a). Allen does not purport to have filed a claim for refund and offers no suggestion that would permit the court to construe that he has done so. As a result, this court cannot reach the merits of his claim.

As the court is without jurisdiction to review the decisions of the Tax Court and Allen has failed to meet a necessary prerequisite to the pursuit of his civil action against the United States, it is unnecessary for the court to rule on his ability to represent the Rio Colorado Trust. However, the court notes that the law in this area is clear. Although a non-attorney may appear in his own behalf, he has no authority to appear as an attorney for any others. C.E. Pope Equity Trust v. United States, 818 F.2d 696, 697-98 (9th Cir. 1987). A non-lawyer's status as the trustee of a trust does not give that person the right to represent the trust in court. Id. at 698.

Finally, Allen asks this court to grant him an extension of the statute of limitations set by 26

4

U.S.C. section 7481.  The court notes that it has no power to grant such a request.

In sum, the court GRANTS the IRS's motion to dismiss.  This motion shall be effective thirty (30) days from the date of the filing of this order during which time plaintiff may file his complaint or appeal.  This court does not opine on the timeliness of such filing or whether the time within which to file has been tolled. That question is for the court in which plaintiff files.

CONCLUSION

For the foregoing reasons, the IRS's motion to dismiss is GRANTED effective within thirty (30) days of the date of the filing of this order.

IT IS SO ORDERED.

Dated: February 28, 2007

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

ENDNOTES

1. Unless otherwise indicated, all facts are taken from plaintiff's complaint.